IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GONZALO VALDOVINOS-BLANCO**,

 Petitioner,

vs.                  No. 13cv0384 JAP/LAM

**UNITED STATES ATTORNEY GENERAL ERIC HOLDER;
IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY
ICE, EL PASO;**,

 Respondents.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on pro se Petitioner Gonzalo Valdovinos-Blanco's EMERGENCY MOTION FOR WITHOLDING OF REMOVAL/DEPORTATION, filed April 22, 2013 (Doc. 1). Mr. Valdovinos-Blanco did not pay the requisite filing fee, nor has he submitted an application to proceed without prepayment of fees and costs. Because the Court does not have subject-matter jurisdiction to grant or deny his request, the Court will dismiss this case. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted).

Valdovinos-Blanco is an illegal alien who has undergone deportation proceedings and who is being held pending deportation in Chaparral, New Mexico. *See* Doc. 1 at 1-2. The immigration judge has entered an order of deportation and Valdovinos-Blanco has appealed from that Order to the Board of Immigration Appeals ("BIA"), but it is still pending. *See id.* at 2. Valdovinos-Blanco has filed a civil-rights suit in the Eastern District of California, which also is still pending. *See id.* at 3, 7 (Ex. 1). Without citing any legal authority, Valdovinos-Blanco requests that the Court order the ICE to

"withhold his removal from the United States" until his California civil-rights action "is resolved." *Id.* at 4.  He also states that he cannot "direct his wheelchair on his own; does not have any person to wait for him at any of the ports of entry, . . . making him an easy prey for all existing escalating violence as currently existing in Mexico." *Id.*

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  An alien may apply for withholding of removal, however, "if he or she can establish a clear probability of persecution in that country on the basis of race, religion, nationality, membership in a particular social group, or political opinion."  *Elzour v. Ashcroft*, 378 F.3d 1143, 1149 (10th Cir. 2004); 8 U.S.C. § 1231(b)(3)(A).  "[A]pplications for withholding of removal [] are adjudicated by IJs in removal proceedings. 8 C.F.R. §§ 1208.4(a), 1208.16(a)."  *Giraldo v. Holder*, 654 F.3d 609, 610 (6th Cir. 2011).  Under 8 U.S.C. § 1231(f), "[i]f the Attorney General believes that an alien being removed requires personal care because of the alien's mental or physical condition, the Attorney General may employ a suitable person for that purpose who shall accompany and care for the alien until the alien arrives at the final destination."  The Court is unaware of any statutory or common-law authority permitting it to intervene in an alien's deportation proceedings to order withholding of removal for any purpose.  Valdovinos-Blanco must seek the relief he desires in his removal proceedings.

Valdovinos-Blanco has failed to allege sufficient facts to invoke this Court's subject-matter jurisdiction.  The Court must, therefore, dismiss the action under Rule 12(h)(3).

**IT IS ORDERED** that Valdovinos-Blanco's motion [Doc. 1] is DENIED and his cause of action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE